IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51048
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN FRANCIS LAWRENCE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-12-2
--------------------
June 18, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In his direct criminal appeal, John Francis Lawrence argues that the district court failed to determine that he was competent to enter a guilty plea. The district court specifically questioned Lawrence about his competency in light of his accidental head injury, and Lawrence indicated that he was competent to discuss the case with his counsel and to understand the nature of the proceedings. The record reflected that Lawrence's counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

monitored his medical treatment to insure that he was competent prior to entering into plea negotiations and entering a guilty plea. See Godinez v. Moran, 509 U.S. 389, 396 (1993). The district court's determination that Lawrence had the mental capacity and opportunity to consult with his counsel and understood the nature of the charges and the consequences of his plea was not clearly arbitrary or unwarranted. See United States v. Doke, 171 F.3d 240, 247 (5th Cir. 1999).

Lawrence also argues that the district court improperly participated in the plea bargaining in his case in violation of FED. R. CRIM. P. 11(e)(1). The plea bargaining had been concluded prior to the rearraignment hearing. During the rearraignment, the district court explained both the benefits and disadvantages of Lawrence's pleading guilty pursuant to the plea agreement. The district court's remarks in the context of the entire proceeding show that it did not promise Lawrence that he would receive a lesser sentence if he pleaded guilty. The record reflects that the district court was not involved in the plea negotiations and did not coerce Lawrence into entering a plea. See United States v. Crowell, 60 F.3d 199, 203 (5th Cir. 1995).

Lawrence's conviction is AFFIRMED.